UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LASHERIA NANCE-BUSH, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> LONE STAR COLLEGE SYSTEM § <br> DISTRICT, § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:19-CV-3560 |

## MEMORANDUM & ORDER

Before the Court is Plaintiff Lasheria Nance-Bush's Motion to Compel Defendant's Discovery Responses and Motion to Exceed the Number of Permissible Interrogatories Allowed (Doc. 16). The Court addressed the bulk of issues presented in this Motion orally at the November 17, 2020, Motion Hearing. (*See* Minute Order of November 17, 2020.) The Court now writes to resolve the remaining issue: Whether Nance-Bush has exceeded twenty-five interrogatories and, if so, whether the Court will permit the additional interrogatories.

### I.   Background

This is a Title VII case. Nance-Bush alleges that Defendant Lone Star College System District discriminated against her and subjected her to retaliation based on her race (Black) and sex (female). (Doc. 1 at 4–6.) Nance-Bush was fired after an incident in which she refused to investigate a student whose dog bit a Lone Star teacher. (See Doc. 1 at 6–8.) She alleges that the investigation was against both the law and department policy, and that her refusal to go along led to retaliation and eventual firing. (Doc. 1 at 8–9.) She also alleges that these actions were motivated by her race and gender. (Doc. 1 at 9.)

To develop her claims, Nance-Bush sent nineteen interrogatories to Lone Star. (*See* Doc.

1

16 at 8.) Lone Star has responded only to the first six. (*Id.*) It contends that each of these six interrogatories is composed of discrete subparts and that, properly tabulated, the first six interrogatories alone should be counted as twenty-five interrogatories. (Doc. 19 at 9.) Nance-Bush disagrees. In the alternative, she seeks leave from the Court to exceed twenty-five interrogatories. (Doc. 16 at 10.)

**II.     Discussion**

Federal Rule of Civil Procedure 33(a)(1) provides: "Unless stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

There is surprisingly little case law as to what constitutes a single interrogatory and what constitutes a "discrete subpart." The general attitude, however, seems to favor a relaxed approach that allows individual interrogatories to request a range of information touching on a common theme. For instance, the Advisory Committee notes to Federal Rule of Civil Procedure 33(a) explain that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication." Fed. R. Civ. P. 33(a) advisory committee's note to 1993 Amendment. Likewise, Wright and Miller hold that "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question," whereas "an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation." 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.).

The Court is unable to find any decisions from the United States Supreme Court, Fifth Circuit, or even any of the other Courts of Appeals that touch on this issue. Lone Star points to two District Court cases analyzing Rule 33(a). In *Moser v. Navistar International Corporation*,

No. 4:17-CV-00598, 2018 WL 3614012 (E.D. Tex. July 27, 2018), Judge Mazzant applied the "related question approach," under which "subparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories." *Id.* at *6. In *Dimitrijevic v. TV&C GP Holding Inc.*, No. H-04-3457, 2005 WL 8164073 (S.D. Tex. Aug. 24, 2005), Magistrate Judge Smith employed the "full and complete answer test," under which a court asks if "the first question can be answered fully and completely without answering the second question." *Id.* at *2–3.

Whether the Court applies Wright and Miller's "common theme" test, Judge Mazzant's "related question" test, or Magistrate Judge Smith's "full and complete answer" test, the result is the same: Nance-Bush's interrogatories are permissible.

For instance, Nance-Bush's Interrogatory No. 1 reads as follows:

> From January 1, 2014 to present, please identify with specificity any and all claims or complaints made to Defendant including but not limited to human resources, Stephen Phillips or Paul Willingham by Plaintiff against Defendant or its staff including but not limited to Sergeant Edwin Gomez, Officer Christina Lovelace, or Officer David Warner setting forth as to each: the person receiving the complaint (and date), the investigation undertaken as a result of such a complaint, the individuals involved in said complaint including witness accounts, and the details of each investigation.

(Doc. 19 at 6.)

While the Court agrees that this interrogatory could have been more carefully drafted, it finds that it should be counted as only a single interrogatory. Under the common theme test, the interrogatory could be summarized as concerning the details of the complaints Nance-Bush made to Lone Star. Under the related question test, the interrogatory involves one primary question—what complaints did Nance-Bush make to Lone Star?—and a series of intimately related sub-questions—what were the details of those complaints? Finally, under the full and complete answer test, the primary question—"please identify with specificity any and all claims or complaints"—

3

cannot be answered without answering the sub-questions, because any answer to the primary question that elided the answers to the sub-questions would not respond "with specificity."

The same is true of Interrogatory No. 2, which reads:

> From January 1, 2014 to December 31, 2018, please identify every Lone Star College location Plaintiff worked and every police officer who worked for each such College's Police Department as well setting forth as to each: their hire date, separation date, race, gender and all Lone Star College locations worked during this time-period.

(Doc. 19 at 6.)

Again, this interrogatory passes each of the three tests. The common theme is the identity of Nance-Bush's co-workers. The primary question—who were Nance-Bush's co-workers?—is intimately related to the sub-questions—what were they like? And, without providing the basic demographic data requested in the sub-questions, any answer to the primary question would be incomplete and unsatisfactory.

This analysis applies to Interrogatory No. 3 (concerning the common theme of Nance-Bush's firing) and Interrogatory No. 6 (concerning the common theme of Nance-Bush's co-workers' attendance records), as well.

The Court does agree to a limited extent with Lone Star, however, regarding Interrogatories No. 4 and No. 5. These two interrogatories call for a list of dates Nance-Bush worked at the law-enforcement academy or as a field training officer, respectively, and details about those dates; they also call for a list of dates she did not work in those positions and reasons why. In the Court's view, those are two separate questions. Lone Star can provide a complete answer to the question of when and how Nance-Bush worked in the law-enforcement academy or as a field-training officer without providing any details as to occasions on which she did not work in the law-

enforcement academy or as a field-training officer. Therefore, Interrogatory No. 4 and Interrogatory No. 5 should each be counted as two interrogatories.

Thus, Nance-Bush has filed twenty-one, rather than nineteen, interrogatories. Because Rule 33(a) allows up to twenty-five interrogatories, she has propounded no more than the permissible number, and her Motion to Compel responses to Interrogatories No. 7 through No. 19 is granted.

In the alternative, the Court will also consider Nance-Bush's Motion to Exceed the Number of Permissible Interrogatories. Although the Court has granted Nance-Bush's Motion to Compel responses to Interrogatories No. 7 through No. 19, the Court notes that it was not presented with objections to those interrogatories. Thus, it anticipates the possibility that Lone Star will return to argue that these interrogatories are also compound and that Nance-Bush consequently remains in violation of Rule 33(a). In the interest of facilitating a smooth discovery process and encouraging a resolution to this case, the Court will address any such concerns by granting Nance-Bush's Motion to Exceed the Number of Permissible Interrogatories. To be clear, this order is meant only to ensure a response to the existing interrogatories and should not be construed to allow Nance-Bush to propound additional interrogatories beyond those already provided to Lone Star. The Court encourages the parties to work with one another to clarify and, where possible, limit the scope of the existing interrogatories to reduce the burden on Lone Star.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Nance-Bush's Motion to Compel Defendant's Discovery Responses as to Interrogatories Nos. 7 through 19 and, in the alternative, **GRANTS** Nance-Bush's Motion to Exceed the Number of Permissible Interrogatories Allowed to the extent that the existing nineteen interrogatories could be construed as excessive.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 6th day of January, 2021.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE